44753. BOWENS v. THE STATE.
(359 SE2d 636)

MARSHALL, Chief Justice.

The appellant, Phillip D. Bowens, was convicted of the malice murder of Norman Ross, and he received a sentence of life imprisonment. In this appeal, the appellant contends, in his sole enumeration of error, that the trial court erred in refusing to direct a verdict of not guilty as to the murder charge, in that the conflicts and contradictions in the testimony of the state's witnesses would preclude a rational trier of fact from finding the appellant guilty of murder; the appellant argues that since the homicide occurred when the appellant and the victim were engaged in mutual combat, the issue which should have been presented for resolution by the jury was whether the appellant was guilty or innocent of voluntary manslaughter. We

disagree and affirm.[1]

The evidence shows that the appellant shot the victim with a .22 caliber pistol on the evening of Sunday, September 28, 1986. At the time, the appellant and the victim were at the house of Judy Knight. Also present were Marva Jean Bell, Lilly Mae Green, and Brenda Wright. Knight, Bell, Green, and Wright all testified on behalf of the state. Although their versions of the events surrounding the victim's death differed somewhat, their testimony was consistent with respect to the following:

Judy Knight sold beer and whiskey at her house. The first people to arrive at Knight's house on the day of the victim's death were the appellant and Lilly Mae Green, who was the appellant's girl friend. Knight, Green, and the appellant were drinking when the victim arrived. Brenda Wright, who used to "go with" the appellant, and Marva Jean Bell arrived later. When the victim entered the house, the appellant removed the handgun from his pants' pocket and placed it on the floor. When Brenda Wright arrived, an argument ensued between her and the appellant, and the appellant threatened to shoot her. The appellant and the victim then began arguing, and the victim was persuaded to remove himself to the front porch. The appellant went onto the porch and attacked the victim. The victim did nothing to provoke the attack. From a distance of several feet, the appellant then shot the victim.

The victim died approximately three hours after he was shot. A .22 caliber lead bullet was removed from his abdomen. The victim died from exsanguinating hemorrhage from a gunshot wound, i.e., he bled to death. The lack of visible powder burns surrounding the gunshot wound indicates that the gun was fired from a greater distance than one or two feet from the victim.

Charlene Pounds testified that on the day prior to the victim's death, she observed the appellant and the victim arguing about Lilly Mae Green; the appellant walked away from the victim, and the victim came up behind the appellant, pushed him, "and told him not to be walking away from him when he was talking to him."

The appellant testified at trial, giving a much different version of the events surrounding the victim's death from the other witnesses. He testified that when the victim arrived at Judy Knight's house, the victim began cursing him and tried to start a fight. The appellant

---

[1] The murder in this case was committed on September 28, 1986. The appellant was indicted on December 16, 1986. The trial was held on February 2 and 3, 1987. A motion for new trial was filed on February 18, 1987. The transcript was filed on April 8, 1987, and the order denying the motion for new trial was entered on May 20, 1987. The notice of appeal was filed on May 20, 1987, and the record was docketed in this court on June 11, 1987. The case was submitted for decision on July 24, 1987.

then put his handgun under a sofa, and Judy Knight told the victim, Brenda Wright, and Marva Jean Bell to leave, which they did. The appellant then took his pistol, and when he opened the screen door to the porch in order to leave the house, he found the victim standing behind the door. The victim then attacked the appellant and attempted to get his gun. They fought over the gun, during the course of which the gun discharged and struck the victim.

Several of these events were omitted in a written statement given by the appellant to the police. At trial, the appellant testified that he had recounted all of these events to the police, but that they had omitted them from the written statement.

We hold that the evidence in this case fully authorized any rational trier of fact in finding the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1987.

*Thomas F. Jarriel,* for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.